UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
VICTOR SILVESTRO,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-03002 (FB)

<u>Appearances:</u>
*For the Plaintiff*:
Christopher James Bowes
Center for Disability Advocacy Rights
100 Lafayette Street
New York, NY 10013

*For the Defendant*:
Richard P. Donoghue
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Rachel G. Balaban

**BLOCK, Senior District Judge:**

      Plaintiff's counsel, Christopher James Bowes, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of $6,143.63 in fees and costs for the successful representation of his client, Victor Silvestro.  *See* ECF 17 ("Motion").

      Eligibility for a fee award under the EAJA requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no special circumstances make an award unjust'; and (4) pursuant

1

to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement."  *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990) (quoting the EAJA); *see generally Gomez-Beleno v. Holder*, 644 F.3d 139 (2d Cir. 2011) (applying *Jean*).

Here, the government does not dispute that Plaintiff was the "prevailing party," nor contend that its position was "substantially justified," nor argue that "special circumstances" make the fee award "unjust."   Rather, citing § 2412(d)(1)(B), the government submits the Motion should be denied as untimely by one day.  *See* ECF 19 (Gov't Opp'n).[1]  But, as the Supreme Court explained in *Scarborough v. Principi*, failure to file within the time stated in § 2412 does not deprive a court from considering a EAJA fee-application, as § 2412 "relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority."  541 U.S. 401, 414 (2004).[2]

* * *

---

[1] Although the Motion bears an ECF docket entry-date of October 4, 2019, the Motion itself is dated October 3, 2019.

[2] Alternatively, the Court finds the 30-day window equitably tolled.  *Tamburri v. Berryhill*, No. 16-CV-5784 (PKC), 2018 WL 1175141, at *2 (E.D.N.Y. Mar. 5, 2018) ("[EAJA] application can be deemed timely under the doctrine of equitable tolling.").

For the foregoing reasons, the fee request of $6,143.63 is granted.

**SO ORDERED**.

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 20, 2020

3